[No. 14728-2-III. Division Three. February 4, 1997.]

ESTATE OF JOAN STURGILL, ET AL., *Appellants,* v. UNITED SERVICES AUTOMOBILE ASSOCIATION, *Respondent.*

*Lloyd A. Herman* and *Lloyd A. Herman & Associates, P.S.,* for appellants.

*G. Ward McAuliffe III* and *Chase, Hayes & Kalamon, P.S.,* for respondent.

THOMPSON, J. — Joan Sturgill was a passenger in an automobile owned and operated by her daughter, Ramona Sturgill. They were involved in an accident with an uninsured motorist, resulting in injuries to Joan Sturgill that caused her death. Ramona Sturgill's automobile was insured by Allstate Insurance Company, which paid uninsured motorist (UIM) and other benefits to Joan Sturgill's estate. Joan Sturgill's own insurance carrier, Farmers Insurance Company, also paid UIM benefits. Joan Sturgill's husband, Stanley Sturgill, was insured by United Services Automobile Association (USAA), which paid some of Mrs. Sturgill's medical bills. However, the Estate's claim for UIM benefits under Stanley Sturgill's USAA policy was denied.

The Estate filed this action seeking uninsured motorist benefits under the USAA policy. The trial court denied the Estate's motion for summary judgment, but granted USAA's motion, finding that at all material times Ramona Sturgill was a resident of her father's household, which precluded coverage. The Estate appeals.

The UIM coverage provision in Mr. Sturgill's policy provides USAA will pay compensatory damages which Stanley or any family member is entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury caused by an accident. The policy also contains an exclusion which provides:

> A. We do not provide UIM Coverage for PD or BI sustained by any person:
>
> 1. While operating, or occupying, any motor vehicle owned by or available for the regular use of you

or any family member which is not insured for Liability Coverage under this policy.

The policy defines "family member" as a "person related to you by blood, marriage, or adoption who is a *resident of your household*." (Emphasis added.)

The trial court, in granting summary judgment, held that the undisputed facts establish: Ramona Sturgill was a resident of Stanley Sturgill's household; the vehicle in which Joan Sturgill was injured belonged to Ramona; and Ramona's vehicle was not insured for liability coverage under the USAA policy.[1]

On appeal, the Estate contends the USAA policy exclusion did not apply because, contrary to the trial court's ruling, the undisputed evidence established (1) Stanley and Ramona shared a roof, but maintained separate, independent households; (2) Ramona's vehicle was not available for either of her parents' regular use; and (3) the exclusionary clause is ambiguous and must be construed in favor of the Estate. We conclude the dispositive issue is whether Ramona Sturgill was a resident of Stanley Sturgill's household and therefore a "family member." If she was a "family member," as the term is used in the policy exclusion, it is immaterial whether her car was available for her mother's regular use.

 The interpretation of an insurance contract is a question of law, properly decided on summary judgment unless terms of the contract are ambiguous and contradictory evidence is introduced to clarify the ambiguity. *National Gen. Ins. Co. v. Sherouse*, 76 Wn. App. 159, 162, 882 P.2d 1207 (1994), *review denied*, 126 Wn.2d 1009 (1995). Who is a "resident" of a "household" for insurance purposes must be determined on the specific facts of each individual case; the terms themselves have no precise meaning. *Id.* at 163.

---

[1]Joan Sturgill was divorced from Stanley Sturgill until shortly before the accident. But she had remarried him and was living in his home on the day the fatal accident occurred.

No Washington decisions expressly hold there can be multiple, separate and independent households among relatives living under a common roof, but common sense and cases from other jurisdictions indicate this is so. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Snyder*, 122 Ga. App. 584, 178 S.E.2d 215, 217 (1970). In the *Snyder* case, the insured's mother-in-law maintained a separate, domestic establishment even though she lived in the same house as the insured. A common roof is not the controlling element; the critical distinction is whether separate, domestic establishments are maintained. 12 GEORGE J. COUCH, COUCH ON INSURANCE 2D §§ 45:520, 45:521 (Mark S. Rhodes rev. ed. 1981).

The problem in this case is not defining "residence" or "household," it is applying the definitions to the facts. The undisputed evidence before the court established Stanley Sturgill and Ramona Sturgill maintained separate domestic units under a common roof, and neither was a resident of the other's household. Ramona Sturgill moved with her teenaged daughter into her father's home as an upstairs tenant after being on her own for 14 years. Her father lived downstairs in the family room, dining room and kitchen. He either ate out or fixed and ate his own meals downstairs. He used a toilet in the basement, and only came upstairs to bathe in the single, full bathroom and to change clothes in the bedroom he used solely for storage.

Ramona Sturgill and her daughter lived upstairs on the second floor. They occupied two bedrooms and the hall/landing where Ramona had set up a dining table, chairs and a kitchenette. Ramona installed heavy curtains across the stairwell for privacy, and put locks on the bedroom doors, for which she and her daughter alone had the keys. Ramona paid rent and her share of the utilities and telephone bills. She bought all household goods and groceries for herself and her daughter which she kept in their own refrigerator upstairs. They either ate out, or prepared and ate their meals upstairs. They watched television in their rooms and entertained guests there. Stanley Sturgill

and Ramona Sturgill each went his or her own way without regard to any social or family obligations, one to the other. In other words, they did not compose a family; though they were father and daughter by blood, they were not father and daughter in their living arrangement. Their households operated just as separately as if they occupied adjoining apartments in an apartment building, but shared a common area.

We conclude the court erred in granting USAA's motion for summary judgment.

■ This issue can be determined by this court as a matter of law. *Sherouse*, 76 Wn. App. at 162. We reverse and grant the Estate's motion on summary judgment.

■ The Estate requested attorney fees and costs for having to bring a court action to obtain the benefit of Stanley's insurance policy with USAA. The Estate is entitled to reasonable fees in an amount to be determined by a court commissioner pursuant to RAP 18.1. *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 40, 904 P.2d 731 (1995); *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53, 811 P.2d 673 (1991).

SWEENEY, C.J., and MUNSON, J. Pro Tem., concur.

Reconsideration denied March 19, 1997.